UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILLIAM K. McMAHON,

                Plaintiff,

  -against-

THE ROCKLAND COUNTY CORRECTIONAL
CENTER, LOUIS FALCO, III SHERIFF, CHIEF
OF CORRECTIONS ANTHONY J. VOLPE,
CORRECTIONAL OFFICER, PETER ORLANDO,
CORRECTIONAL OFFICER HICKEY, and
CORRECTIONAL OFFICER BAUER and THE
COUNTY OF ROCKLAND,

                Defendants.

15-cv-8768 (NSR)

ORDER AND OPINION

---

NELSON S. ROMÁN, United States District Judge:

    Plaintiff William K. McMahon ("Plaintiff") commenced this action against the Rockland County Correctional Center, Louis Falco, III Sheriff, Chief of Corrections Anthony J. Volpe, Correctional Officer, Peter Orlando, Correctional Officer Hickey, Correctional Officer Bauer, and the County of Rockland (collectively, "Defendants") with the filing of a summons and complaint on or about November 6, 2015. (*See* Complaint, ("Compl."), ECF No. 2.). Plaintiff claimed that Defendants violated his constitutional rights and were liable under 42 U.S.C. § 1983. (*Id.*).

    On July 25, 2018, after learning that Plaintiff had been murdered, Defendants filed a motion to dismiss the action pursuant to Fed. R. Civ. P. 25(a). (*See* Defendants' Memorandum of Law in Support of Motion to Dismiss, ("Def. Mem."), ECF No. 28.) For the reasons explained below, Defendant' motion is GRANTED.

## BACKGROUND

On or about November 6, 2015, Plaintiff a *pro se* litigant, filed an action, pursuant to 42 U.S.C. § 1983, claiming that Defendants violated various of his constitutional rights. (*See* Compl.). Defendants subsequently learned that Plaintiff was murdered by reading an article in the *Times Herald Record*. (Def. Mem at 2; Schuh Declaration, ("Schuh Decl."), ECF No. 27, Ex C.)

On March 7, 2018, Defendants filed and served a Notice of Death of Party William K. McMahon. (Def. Mem at 2; Schuh Decl. Ex D.) On March 14, 2018, Defendants' counsel received a call from Winifred McMahon and her boyfriend Michael McCafferty, inquiring as to the Notice of Plaintiff's Death. (Def. Mem. at 2).

Defendants' counsel advised Winifred McMahon that he was representing the County of Rockland, and that Rockland County's interests were averse to Decedent-Plaintiff's. (*Id.*) Ms. McMahon responded that she would speak to the rest of her family to determine how they wished to proceed in the instant matter. (*Id.*)

Since that time, Defendants' counsel has received no further contact from anyone representing the Plaintiff's estate or claiming to be the Plaintiff's estate representative. (*Id.* at 3.). More than ninety (90) days have elapsed since the service of the Notice of Plaintiff's Death and no motion has been filed or served to substitute Plaintiff by decedent's successor or representative.

## DISCUSSION

Federal Rule of Civil Procedure 25(a)(1) states in part:

> if a party dies and the claim is not extinguished, the Court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within ninety (90) days after service of a statement noting the death, the action by or against the descendant must be dismissed as to the deceased party.

Here, Plaintiff's death certificate reflects that Plaintiff died on October 24, 2017. (*See* Schuh Decl., Ex. D.) It is undisputed that counsel for Defendants filed Notice of Plaintiff's Death with the Court on March 7, 2018, estimating that his death occurred on or about April 19-20, 2017. (*See* Schuh Decl., Ex. E.)

Counsel for Defendants are a party to this case, sufficient to satisfy the notice of death requirement of Fed. R. Civ. P. 25(a)(1). *See Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 469 (2d Cir. 1998). Further, while counsel did not specifically identify a specific individual as Plaintiff's legal representative or successor, counsel did identify the "Estate of William K. McMahon," which is sufficient to satisfy the identification provision of Fed. R. Civ. P. 25(a)(1). *See id.*

Moreover Defendants' counsel has represented to the Court, that about one week after filing the notice of death, he was contacted by Winifred McMahon, who represented that she would speak to the rest of her family to determine how they wished to proceed in the instant matter. (Def. Mem. at 2.) Hence, all the predicate conditions of Fed. R. Civ. P. 25(a)(1) are met.

Since well over 90 days (approximately 281 days) have passed since Defendants' filed the Notice of Death Motion with the Court, and no motion for substitution has been made by any party, including the decedent-Plaintiff's successor or estate representative, decedent-Plaintiff's Complaint against Defendants' is appropriately dismissed. *See Unicorn Tales,* 138 F.3d 467.

# CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' Motion to Dismiss. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 26, enter judgment in favor of Defendants, and close the case. The Clerk of the Court is also respectfully directed to mail a copy of this decision to:

William K. McMahon, *pro se*
16 Bivona Lane, Lot 86
New Windsor, New York 12553

Estate of William K. McMahon
16 Bivona Lane, Lot 86
New Windsor, New York 12553

and to file proof of service on the docket.

Dated: December 13, 2018
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge